# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MARSHALL WAYNE HARIMAN §
§ Civil Action No. 4:18-CV-377
v. § (Judge Mazzant/Judge Nowak)
§
COMMISSIONER, SSA §
§

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 3, 2019, the report of the Magistrate Judge (Dkt. #18) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of the Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects. Moreover, the District Court need not consider frivolous, conclusory, or general objections.

*Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff's objections challenge each of the following findings by the Magistrate Judge: (1) Plaintiff failed to explain how Plaintiff's edema would interfere with Plaintiff's ability to perform work (Dkt. #19 at p. 3); (2) the record evidence does not establish Plaintiff's proffered manipulative limitations (Dkt. #19 at pp. 3–4); (3) the ALJ properly assessed the paragraph B findings (Dkt. #19 at pp.4–5); (4) there is no apparent conflict between positions with a reasoning level of 2 or 3 and a residual functional capacity ("RFC") limiting Plaintiff to simple work (Dkt. #19 at pp. 5–6); (5) a significant number of jobs exist in the United States that Plaintiff can perform (Dkt. #19 at p. 6); (6) the ALJ satisfied his investigatory obligations under Social Security Ruling 00-4p (Dkt. #19 at pp. 6–8); and (7) the opinion of Dr. George Mount submitted to the Appeals Council was not material to the issue of disability (Dkt. #19 at pp. 8–9). The Court considers Plaintiff's objections to these findings in turn.

*Edema*

Plaintiff asserts that his edema interferes with his ability to perform work because he needs to be able to elevate his legs for many hours throughout the day (Dkt. #19 at p. 3). In support, Plaintiff proffers a single line from Plaintiff's testimony at Hearing that his legs swell if not raised for "6 ½ hours per day or more" (Dkt. #19 at p. 3; TR 200). Plaintiff's testimony is not sufficient. Plaintiff points to no examinations or opinions of any physician indicating that he would be required to elevate his legs for six or more hours a day. Indeed, as set forth by the Magistrate Judge, "[P]laintiff fails to explain how Plaintiff's edema—which was noted on multiple occasions as being controlled with medication—supports a more extreme degree of functional limitations" (Dkt. #18 at p. 12). Plaintiff's objection is overruled.

*Sedentary Work and Alleged Manipulative Limitations*

Plaintiff next objects to the Magistrate Judge's conclusion that the record does not establish the presence of manipulative limitations; Plaintiff continues to contend that the ALJ erred in finding no limitation to Plaintiff's manipulative abilities (Dkt. #19 at pp.3–4). Specifically, Plaintiff asserts that "the fact that Plaintiff had the physical demand limit (PDL) for sedentary work does not establish that he could perform all aspects of sedentary work" (Dkt. #19 at p. 3). The February 3, 2015 functional capacity test cited by Plaintiff, and further discussed in the report, noted Plaintiff's limited range of motion in his shoulders and upper extremities, concluded Plaintiff was capable of occasional reaching and over-head reaching, and concluded Plaintiff was capable of frequent grasping/squeezing and wrist flexion/extension (TR pp. 904–05). The assessment concluded that "[t]he patient is currently functioning at Sedentary PDL" (TR p. 904). Even assuming such conclusion does not indicate Plaintiff can perform all sedentary work, the Court notes that none of the remaining record evidence demonstrates that Plaintiff has manipulative limitations requiring a more extreme limitation. Plaintiff's objections wholly ignore the multitude of evidence cited by the Magistrate Judge that no functional restrictions should be imposed with respect to manipulative movements, including that at both the initial and reconsideration levels of Plaintiff's application, the State Agency Medical Consultants Dr. Kavitha Reddy and Dr. Yvonne Post—who both reviewed the evidence of record including the February 3, 2015 assessment—concluded that Plaintiff had no manipulative limitations (TR pp. 224, 240–41). Plaintiff's objection is overruled.

*Paragraph B Assessment*

Plaintiff contends that the ALJ's RFC determination did not sufficiently accommodate Plaintiff's moderate limitation in maintaining concentration, persistence, and pace as found in the

ALJ's "Paragraph B" findings (Dkt. #19 at p. 4). Specifically, Plaintiff alleges that an RFC limiting Plaintiff to performing simple tasks and instructions and maintaining attention and/or concentration for two-hour periods is contradictory to the Paragraph B moderate limitation finding (Dkt. #19 at pp. 4–5). In support of his argument, Plaintiff cites to *Bordelon v. Astrue*, 281 F. App'x 418 (5th Cir. 2001), wherein the Fifth Circuit found that the ALJ's hypothetical to the vocational expert ("VE") adequately reflected a moderate limitation in concentration, persistence, and pace, when the VE was asked to consider an individual who would need a job requiring low stress and simple, one-, two-step-type instructions. 281 F. App'x at 422-23. Plaintiff argues that because the ALJ did not include a similar limitation to low stress and/or work requiring one-, two-step instructions the ALJ's hypothetical to the VE was deficient and/or defective (Dkt. #19 at p. 5). Although the ALJ in the instant case did not limit Plaintiff to one-, two-step instructions or positions with low stress, the ALJ did limit Plaintiff to "simple tasks and instructions" and "simple work related decisions" (TR 20). Nothing in *Bordelon* indicates that *only* simple work consisting of one-, two-step instructions will encompass a moderate limitation to concentration, persistence, and pace. Plaintiff in the instant case was clearly limited to "simple" work and Plaintiff's attempt to distinguish *Bordelon* is not persuasive. Moreover, the report cites to other recent in circuit district court decisions finding, as the Magistrate Judge did here, that a limitation to simple work— not merely simple work consisting of only one-, two-step instructions—sufficiently accounts for a moderate limitation in concentration, persistence, and pace (Dkt. #18 at pp. 19–20). Plaintiff's objection is overruled.

*Identification of Jobs in the National Economy Consistent with Plaintiff's RFC*

Plaintiff raises further opposition to the report's conclusion at step five (Dkt. #19 at pp.5–6); Plaintiff argues the Magistrate Judge misconstrued Plaintiff's arguments related to the

4

existence of a significant number of jobs within Plaintiff's RFC. In connection therewith, Plaintiff first argues that an RFC limiting Plaintiff to simple work is inconsistent with a reasoning level of two or three (Dkt. #19 at pp. 5–6). Plaintiff proffers no authority to support his argument that a reasoning of level two is inconsistent with a limitation to simple work; and a wealth of authority regarding level two reasoning demonstrates that there is no such inconsistency (*see* Dkt. #18 at pp.23–24). Regarding his argument as to positions with a reasoning level of three, Plaintiff points to an excerpt from the SSA, Vocational Expert Handbook (Dkt. #19 at p. 6). Notably, the Vocational Expert Handbook guides vocational experts in identifying conflicts to the ALJ. *See Courtney v. Comm'r, SSA*, 894 F.3d 1000, 1005, n.2 (8th Cir. 2018). The handbook does not direct the ALJ or the ALJ's determination; indeed, the excerpt Plaintiff references merely directs the VE to "[b]e prepared to explain how the hypothetical individual could perform [a job with reasoning level 3]" as "[i]t could be argued that occupations requiring reasoning level 3 are too complex for an individual limited to 'simple' or 'repetitive' tasks." SSA, Office of Hearings Operations, Office of the Chief ALJ, *Vocational Expert Handbook*, at 39 & n.52 (Aug. 2017). In the instant the case, the ALJ asked the VE to identify jobs Plaintiff could perform and inquired into the VE's consistency with the Dictionary of Occupational Titles ("DOT") (Tr pp. 208–11). The VE testified that Plaintiff could perform the jobs of telephone information clerk (reasoning level three), charge account clerk (reasoning level three), and semiconductor bonder (reasoning level two) (TR p. 210). The VE further confirmed that her testimony was consistent with the DOT (TR pp. 210–11). SSR 00-4p only requires an ALJ to resolve apparent conflicts between the VE testimony and the DOT. As the report explains—citing to numerous district and appellate courts—a job requiring a reasoning level three is not necessarily in conflict with an RFC limited to simple work (Dkt. #18 at pp. 24–26). Although the Commissioner and other courts have recognized that such an argument

could be made, here, Plaintiff has proffered no argument or authority that Plaintiff cannot perform the demands of telephone information clerk or charge account clerk given his limitation to simple work.

Furthermore, even if Plaintiff could not perform the positions of telephone information clerk or charge account clerk, the VE further identified the semiconductor bonder position, which has a reasoning level of two (TR p. 210). Plaintiff objects to the finding that Plaintiff could perform the semiconductor bonder position on the basis that such position does not exist in sufficiently significant numbers (Dkt. #19 at p. 6). Plaintiff argues the ALJ did not satisfy her obligations under SSR 00-4p because she did not inquire into the VE's methodology in determining the number of jobs in the economy (Dkt. #19 at p. 7). In asserting that jobs do not exist in significant numbers, Plaintiff relies on information from Job Browser Pro (Dkts. #19 at p. 6; #13 at pp. 13–14). SSR 00-4p imposes an affirmative duty on ALJs to investigate and resolve apparent conflicts with the DOT, not other sources of job information. In addition, should Plaintiff perceive an additional conflict or otherwise question the validity of the VE's testimony, it is then incumbent on the Plaintiff to raise such issues on cross examination. Plaintiff failed to do so in the instant case. As explained by the Magistrate Judge:

> Under 42 U.S.C. § 423(d)(2)(A) and 20 C.F.R. § 416.966, work exists in significant numbers in the national economy if it exists in significant numbers in *either* the region where the claimant lives or in other regions of the country. Notably, Plaintiff's counsel did not object to the VE's expertise or to her testimony regarding the availability of the positions telephone quotation clerk, charge account clerk, or semiconductor bonder in the national economy and Plaintiff's counsel asked no questions related to the VE's methodology in deriving the number of positions available for each position in the national economy on cross examination [TR 211-13]. It is well settled that a VE's expertise "provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir.2005) (explaining that no additional foundation is required to support VE's expert testimony). Plaintiff had ample opportunity to cross-examine the VE on her methodology for determining the number of available jobs but did not do so. Neither has Plaintiff established that the Job Browser Pro data is the only source of

job data or data that is inherently superior to others. Moreover, Plaintiff fails to support his interpretation of the raw numbers included in the Job Browser Pro data with any analysis or explanation from a VE…. "That the new Job Browser Pro data may differ from the VE's testimony is not enough to warrant remand." *Hunt v. Colvin*, No. EDCV 12-1117 AN, 2013 WL 1969401, at *3 (C.D. Cali. May 13, 2013).

(Dkt. #18 at pp. 27–28). Plaintiff's objections are overruled.

*Opinion of Dr. Mount*

Plaintiff lastly objects to the report's conclusion that Plaintiff failed to establish that Dr. Mount's evaluation was material and thus needed to be considered by the Appeals Council (Dkt. #19 at pp. 8–9). Plaintiff argues that "the findings of Dr. Mount, which quantify the extent of, and functionally limiting effects of the mental impairments recognized by the ALJ, would significantly impact the RFC determination and may likely result in a different outcome" (Dkt. #19 at p. 9). The Court disagrees with Plaintiff's characterization of Dr. Mount's evaluation—check boxes indicating a "marked" limitation in certain areas of social functioning do not demonstrate specific functional limitations that needed to be incorporated by the ALJ. Indeed, the "marked" limitations provided by Dr. Mount's assessment do not opine as to any functional limitations whatsoever, nor has Plaintiff proffered how such findings would have changed or impacted the ALJ's RFC determination or other findings. Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #19), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #18) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

**SIGNED** this 27th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE